IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:08CV109-03-MU

| | |
|---|---|
| JAMES MORRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| BOBBY L. HARLESS; FRED WRANGHAM; ) | |
| WILLIAM GLICK; JEFF WILKERSON, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed September 15, 2008 (Document No. 1.)

Plaintiff alleges in his Complaint against Bobby Harless, Superintendent of Wilksboro Correctional Institution; Fred Wrangham, Superintendent of Mount Pleasant Correctional; William Glick,[1] Assistance Superintendent of Mount Pleasant Correction; and Jeff Wilkerson,[2] Program

---

[1] The Court notes that there are no allegations in the Complaint as to Defendants Wrangham and Glick. To the extent that they are included in the Complaint based on a theory of respondeat superior, such theory is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). However, these defendants are employed in Cabarras County which is located within the Middle District of North Carolina. To the extent Plaintiff wishes to re-file a Complaint against these defendants, venue would be most proper in the Middle District of North Carolina.

[2] Plaintiff alleges that Defendant Wilkerson, Program Director at Mount Pleasant Correctional, violated his civil rights by verbally attacking Plaintiff, inconsistently applying the rules with regard to who is eligible for work release assignments and defaming Plaintiff by calling Anson County Correctional and advising them about the "charges" against Plaintiff resulting in Anson County indicating that Plaintiff would not be welcome at Anson County Correctional should he wish to transfer to that Institution. These claims are conclusory and do not appear to support a claim for which relief can be granted. Furthermore, Defendant Wilkerson is employed by Mount Pleasant Correctional in Cabarras County which is located within the Middle District of North Carolina. Therefore, to th extent Plaintiff wishes to re-file a Complaint against Defendant Wilkerson, venue would be most proper in the Middle District of North

Director at Mount Pleasant that his civil rights were violated when he was removed from his work release job and transferred to Mount Pleasant Correctional with no process. Plaintiff further alleges breach of contract, slander, unjust treatment, false allegations, discrimination and endangerment.[3]

## I. FACTUAL BACKGROUND

Plaintiff's Complaint and supporting documents establish that Defendant Bobby Harless, Superintendent of Wilksboro Correctional Institution, removed Plaintiff from his work release job at Tyson due to suspicion that Plaintiff was loaning money to employees at the work release site, allegations of leaving the job site with a female employee and possible involvement in selling drugs. Plaintiff's main claim is that Defendant Harless removed Plaintiff from his work release job with no investigation into the allegations and without due process.

## II ANALYSIS

The Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974) held that when a liberty interest is at issue, certain procedural safeguards must be followed. The Supreme Court has gone on to state however, that not all punishment that a prisoner may receive is subject to the procedural safeguards of Wolff. Participation in the work release program does not confer any rights upon prisoners. Indeed, North Carolina law establishes work release as a discretionary program and, by statute, expressly provides that "[n]either a recommendation for work release by the court or the decision of the Secretary of Correction to place a person on work release shall give rise to any vested statutory right to an individual to be placed on or continued on work release." O'Bar v. Pinion, 953 F.2d 74 (1991) (quoting N.C.Gen.Stat. § 148-33.1(i). Moreover, North Carolina courts have

---

Carolina.

[3] These claims are conclusory and do not rise to the level of a constitutional deprivation pursuant to 42 U.S.C. § 1983.

concluded that grants of work release are "acts of grace or clemency" which are discretionary and confer upon the convicted person no rights to procedural due process. See Goble v. Bounds, 13 N.C. App. 579 (1972).

Plaintiff's main argument is that he was removed from his work release job without due process. Because the law is clear that work release is discretionary and not subject to due process safeguards, Plaintiff's Complaint must be dismissed. After careful review of the Plaintiff's Complaint and the supporting documents, the undersigned finds that Plaintiff has failed to state a claim on which relief may be granted and his Complaint must be dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Plaintiff's Complaint is dismissed.

**SO ORDERED**.

Signed: September 29, 2008

Graham C. Mullen
United States District Judge